Bradley L. Drell, Esq.
La. Bar Roll No. 24387
(Admitted to practice before the Eastern District of Texas)
**GOLD, WEEMS, BRUSER, SUES & RUNDELL**
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
Email: bdrell@goldweems.com

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

IN RE:                                                                                    CASE NO.: 10-60181

**OCCUPATIONAL & MEDICAL
INNOVATIONS LIMITED**                                          CHAPTER 15

**DEBTOR**

## MOTION FOR PROVISIONAL RELIEF
## PURSUANT TO 11 U.S.C. § 1519

**NOW INTO COURT**, through the undersigned counsel and through its duly designated administrators, David Michael Stimpson and Terrence John Rose of SV Partners, Insolvency Accountants and Business Solutions of Brisbane, Australia, who respectfully moves the court for provisional relief pursuant to 11 U.S.C. § 1519, and respectfully represents as follows:

1.

The above captioned debtor in a foreign proceeding has submitted a petition for relief under Chapter 15 of the Bankruptcy Code, and has attached the appropriate notice of appointment of administrators of a company under administration pursuant to Australian law to the said petition.

2.

The administrators move the court for the entry of any order implementing § 362 of Title 11 of the United States Code (Bankruptcy Code) on a provisional basis, pending recognition of the Chapter 15 petition for which the court has already set a hearing on March 18, 2010 at 2:00 p.m.

3.

The administrators are seeking immediate imposition of the automatic stay pursuant to 11 U.S.C. § 362 pending recognition of the Chapter 15 petitions, inasmuch as there are certain hearings set in litigation before the United States District Court for the Eastern District of Texas, Tyler Division, in the case of Retractable Technologies, Inc. v. Occupational & Medical Innovations, Ltd., Civil Action No. 6: 08-cv-00120 including a motion for permanent injunction and a motion for judgment as a matter of law.

4.

The administrators of Occupational & Medical Innovations, Ltd., should be substituted as plaintiffs in the aforementioned litigation, but may only do so after recognition by this court pursuant to Chapter 15 of the Bankruptcy Code.

5.

This court has jurisdiction over this motion pursuant to 28 U.S.C. § 157 and 1334 and 11 U.S.C. § 1501. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(p).

6.

Venue in this district is proper pursuant to 28 U.S.C. § 1410.

7.

The statutory predicates for the relief requested herein are 11 U.S.C. § 1519 and § 105.

8.

The administrators have commenced this Chapter 15 case ancillary to Australian proceedings by filing a petition for recognition of the foreign proceeding with the documentation required by Chapter 15 of the Bankruptcy Code and seeking the recognition of the Australian proceeding as a foreign main proceeding. The type of proceedings for which the receiver seek recognition has already been recognized by one other bankruptcy court as a foreign main proceeding. See *In Re: Betcorp Ltd.* (in liquidation), 400 B.R. 266 (Bkrtcy. D. Nevada 2009).

9.

11 U.S.C. § 1519(a) of the Bankruptcy Code provides as follows:

> "From the time of filing a petition of recognition until the court rules on the petition, the court may, at the request of the foreign representative, where relief is urgently needed, to protect the assets of the debtor or the interest of the creditors, grant relief of a provisional nature..."

10.

In addition, 11 U.S.C. § 105(a) allows the court to "issue any order... necessary or appropriate to carry out the provisions of [Title 11]."

11.

The administrators believe, with the evidence attached to the petition together with the *Betcorp* case, demonstrate a reasonable probability that the Australian proceeding would be recognized as a foreign main proceeding under Chapter 15 of the Bankruptcy Code.

12.

Moreover, the administrators submit that the provisional application of the automatic stay pursuant to 11 U.S.C. § 362 is critical to the prevention of irreparable damage to the value of the foreign debtors' assets and critical of Occupational & Medical Innovations, Ltd.'s possibilities for

reorganization inasmuch as the administrators have received a proposed arrangement which requires a moratorium on all pending proceedings against the Debtors. See attached Exhibit A.

13.

If this court does not issue this provisional relief, then its likely that Occupational & Medical Innovations, Ltd. and its creditors will be irreparably harmed, as the deed of arrangement conditions will not be met, or Occupational & Medical Innovations, Ltd. will likely be forced into liquidation.

14.

Moreover, the provisional relief requested will only last two weeks, considering the hearing set on March 3, 2010 regarding the post verdict motions in the patent litigation, and this court's hearing on the recognition of Occupational & Medical Innovations, Ltd.'s liquidation pursuant to Australian law.

15.

Lastly, this court's provision of the requested relief would affecuate the public policy considerations underpining 11 U.S.C. § 1525 which mandates cooperation "to the maximum percent possible" between this court and a foreign court. See 11 U.S.C. § 1525.

**WHEREFORE**, Occupational & Medical Innovations, Ltd., and its duly appointed administrators pray that this Honorable Court enter an order pursuant to 11 U.S.C. § 1519, extending the automatic stay pursuant to 11 U.S.C. § 362 of the Bankruptcy Code to the foreign debtors Chapter 15 case, and specifically staying any further proceedings in Retractable Technologies, Inc. v. Occupational & Medical Innovations, Ltd., Civil Action No. 6: 08-cv-00120, pending in the United States District Court for the Eastern District of Texas, Tyler Division, pending this court's hearing on March 18, 2010, at 2:00 o'clock p.m. to determine whether or not this court will

recognize the insolvency proceedings of Occupational & Medical Innovations, Ltd., and for such other and further relief as is justified in the premises.

Alexandria, Louisiana, this 1st day of March, 2010.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: /s/Bradley L. Drell
Bradley L. Drell (Bar Roll #24387)
Amanda W. Barnett (Bar Roll #19225)
P. O. Box 6118
Alexandria, LA 71307-6118
T: (318) 445-6471
F: (318) 445-6476
bdrell@goldweems.com

**ATTORNEYS FOR OCCUPATIONAL & MEDICAL INNOVATIONS, LTD.**

Bradley L. Drell, Esq.
La. Bar Roll No. 24387
(Admitted to practice before the Eastern District of Texas)
**GOLD, WEEMS, BRUSER, SUES & RUNDELL**
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
Email: bdrell@goldweems.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.: 10-60181** |
| **OCCUPATIONAL & MEDICAL INNOVATIONS LIMITED** | **CHAPTER 15** |
| **DEBTOR** | |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **MOTION FOR PROVISIONAL RELIEF PURSUANT TO 11 U.S.C. § 1519** has been mailed, postage prepaid, e-mailed and/or faxed to: the U. S. Trustee Office of the U. S. Trustee, 110 N. College Avenue, Suite 300, Tyler, TX 75702 (and via facsimile (903) 590-1461); counsel to Retractable Technologies, Roy W. Hardin, Charles E. Phipps, Stephen D. Wilson, Mark R. Backofen, Jason Mueller, Locke Lord Bissell & Liddell, LLP, 2200 Ross Avenue, Suite 2200, Dallas, Texas 75201-6776 (and via email to: rhardin@lockelord.com, cphipps@lockelord.com, sdwilson@lockelord.com, mbackofen@lockelord.com, and jmuller@lockelord.com); Of Counsel: Otis Carroll and Deborah Race, Ireland, Carroll & Kelley, PC, 6101 S. Broadway, Suite 500, Tyler, Texas 75703 (and via email to: fedserv@icklaw.com and drace@icklaw); Patrick Kelley (via email: patkelly@icklaw.com); and Thomas A. Miller, Stephen L. Lundwall, Kevin A. Keeling, and Wade

A. Johnson, Howrey LLP, 1111 Louisiana, 25th Floor, Houston, Texas 77002 (and via email to: millert@howery.com, lundwalls@howery.com, keelingk@howery.com, and johnsonw@howery.com), on this 1st day of March, 2010.

                                   /s/Bradley L. Drell
                                       OF COUNSEL