Bradley L. Drell, Esq.
La. Bar Roll No. 24387
(Admitted to practice before the Eastern District of Texas)
**GOLD, WEEMS, BRUSER, SUES & RUNDELL**
P. O. Box 6118
Alexandria, LA  71307-6118
Telephone: (318) 445-6471
Facsimile:  (318) 445-6476
Email: bdrell@goldweems.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 10-60181 |
| OCCUPATIONAL & MEDICAL INNOVATIONS LIMITED | CHAPTER 15 |
| DEBTOR | |

**MEMORANDUM IN SUPPORT OF CHAPTER 15 PETITION FOR RECOGNITION OF FOREIGN PROCEEDING AND MOTION FOR PROVISIONAL RELIEF PURSUANT TO 11 U.S.C. § 1519**

MAY IT PLEASE THE COURT,

David Michael Stimpson and Terrence John Rose of SV Partners, an Insolvency Accounting firm, are the appointed administrators under Australian law for Occupational & Medical Innovations, Ltd. ("OMI"). OMI is a publicly traded company in Australia. The principal business of OMI is development, production and sale of safety equipment used in the medical industry.

I.   **Facts and Procedural History.**

Prior to the filing of this Chapter 15 case, OMI had been embroiled in litigation before the U.S. District Court, Eastern District of Texas, Tyler Division involving alleged patent infringement

by OMI of Retractable Technologies, Inc. ("RTI") patent involving retractable syringes.[1] A trial was had on December 14 through 17th, 2009, with a jury verdict in favor of RTI being rendered on December 18, 2009. Currently pending before the district court is a motion for permanent injunction by RTI and a motion for judgment as a matter of law by OMI. These motions are to be heard March 3, 2010.

On February 19, 2010, OMI's administrators received a "Proposal for a Deed of Company Arrangement from AssistMed (Australia) Pty. Ltd." which is attached to this Memorandum as Exhibit A. In it, AssistMed Pty., Ltd., ("AssistMed") proposes to take a 51% equity stake in OMI in exchange for payment of all secured creditors, employee entitlements, and costs of administration. Unsecured creditors will receive either payment or stock in the recapitalized company. The administrators will schedule a second meeting of creditors to obtain approvals for the arrangement in the next couple of weeks, and anticipate that some time in early April the arrangement will be approved. The administrators believe that this arrangement will likely be approved by the creditors.

## II. Law and Argument

### A. The Australian Proceeding is Entitled to Recognition as a Foreign Main Proceeding

OTI's insolvencey's proceedings are entitled to recognition as a foreign main proceeding under Chapter 15 of the Bankruptcy Code because, among other things, the Australian proceeding is a foreign proceeding within § 101(23) of the Bankruptcy Code, and is a foreign main proceeding within the meaning of § 1502(4) of the Bankruptcy Code. In the case at bar, SV Partners is an

---

[1] See *Retractable Technologies, Inc. vs. Occupational & Medical Innovations, Ltd.*, Civil Action No.06:08-cv-00120.

Australian liquidator in voluntary winding up proceedings conducted in accordance with the provisions of Australian corporate law. In the case of *In Re: Betcorp., Ltd.*, 400 B.R. 266 (Bkrtcy. D. Nevada 2009), the court addressed proceedings of the same type that OMI is currently undergoing in Australia. The court found that a voluntary winding up under the Australian Corporations Act qualified as a foreign proceeding under § 101(23) of the Bankruptcy Code. *Id.* at 294. Moreover, the court found that when the administrators or liquidators of a company under the Australian Corporations Act applied for recognition, that these persons qualified as "foreign representatives" for purposes of satisfying 11 U.S.C. § 1517. *Id.* The court also found that a documents showing that liquidators or administrators having been appointed pursuant to the Australian Corporations Act was a sufficient document for purposes of satisfying the requirements of 11 U.S.C. § 1515.

In this case, the administrators of OMI have filed the same paperwork as was filed in *Betcorp, Ltd.* Additionally, the administrators have filed a statement under 11 U.S.C. § 1515(c) declaring all foreign proceedings in which the debtor is involved.

OMI would also submit that its incorporation in Australia, the fact that its stock is traded on the Australian Stock Exchange, that its principals are all from Australia, and that its only offices are in Australia, certainly qualify Australia to be the "center of main interest" or "COMI" for purposes of Chapter 15 of the Bankruptcy Code, which allows this court to recognize the Australian proceeding as foreign main proceedings. *Id* at p. 293.

## II. Provisional Relief Requested by the Administrator is Within the Scope of § 1519 of the Bankruptcy Code and Appropriate Under the Circumstances.

By its motion for provisional relief, the administrators seek the entry of an order implementing the automatic stay pursuant to 11 U.S.C. § 362 on a provisional basis and in

accordance with 11 U.S.C. §§ 1519 and 105.

Section 1519(a) of the Bankruptcy Code provides that "during the gap period between the filing of a petition for recognition and the court ruling on recognition…"the court may grant relief of a provisional nature", at the request of the foreign representative, where relief is urgently needed to protect the assets of the debtor in the interest of the creditors." *In Re: Pro Fit International, Ltd.*, 391 B.R. 850, 858 (Bkrtcy. C.D. Cal. 2008). The list of provisional relief potentially available is, however, not only what is expressly listed in § 1519. Here, the administrators are seeking to have the court implement the automatic stay of 11 U.S.C. § 362 on a provisional basis pending the recognition hearing in order to safeguard the potential arrangement which has been proposed in the Australian proceedings. In *Pro Fit, supra,* the court entered an order implementing 11 U.S.C. § 362 on a provisional basis.

Relief under § 1519 of the Bankruptcy Code is available where the foreign representative can satisfy for injunctive relief. Traditionally, a federal court has the equitable power to fashion any remedy necessary or appropriate to do justice in a particular case. *Hecht vs. Bowls,* 321 U.S. 321, 329 (1943).

> "The essence of equity jurisdiction is been the power of the chancellor to do equity and mold each decree to the necessities of a particular case. Felixability rather than rigidity have distinguished it. The qualities of mercy and practicality have made equity an instrument for nice adjustment and reconciliation between public interest and private needs. . ." *Id.*

The court in contemplation of exercising its traditional equitable powers must weigh several factors to determine whether a parties request for equitable relief should be granted. *Id.* Among the factors that must be considered are: (1) the probable of a irreparable damage to the moving party in

the absence of relief; (2) the possibility of harm to the non-moving party if relief is granted; (3) the likelihood of success on the merits; and (4) the public interest. *United States vs. Price,* 688 F. 2d 204, 211 (3rd Cir. 1982); *A.O. Smith Corp. vs. FTC,* 530 F. 2d 515, 525-526 (3rd Cir. 1976).

For purposes of relief under § 1519, the administrators would submit they have shown a reasonable probability of recognition of their foreign proceedings, and likewise make a showing that they face irreparable harm. The administrators have filed with this memorandum the proposed arrangement from AssistMed. The proposed arrangement requires that all proceedings be stayed, including the patent litigation pending in the United States District Court for the Eastern District of Texas. If such a stay is not obtained under § 1519 of the Bankruptcy Code, the creditors of OMI risk losing this potential arrangement and would therefore be irreparably harmed. As noted in this memorandum, this arrangement pays all secured creditors of OMI in full, pays the cost of administration and employee entitlements in full, and provides a potential recovery to unsecured creditors. If this arrangement is not consummated, it is unlikely that even the secured creditors will be paid.

Moreover, the balance of the hardships tips decidedly in favor of the Administrators, inasmuch as preservation of the *status quo* for a mere two weeks pending recognition of the Chapter 15 petition will not significantly prejudice RTI or any other potential creditor. The administrators are attempting to insure the orderly administration of the foreign debtors financial affairs under the auspices of the Australian Corporations Act in a manner that protects the interest of all creditors, including RTI. Granting provisional relief is necessary to accomplish that purpose and ensure the orderly administration of the foreign debtors' assets.

As to the public interest, that interest will be served in advancing the purposes of Chapter 15

as set forth in 11 U.S.C. §1501, including the advancement of cooperation between United States courts and Australian authorities in handling this cross-border insolvency case, and in protecting the interests of all of the creditors of OTI in seeing OTI rehabilitated rather than liquidated.

## III. Conclusion

Based on the foregoing, the receiver respectfully submits that the Chapter 15 petitions and provisional application of 11 U.S.C. § 362 should be granted.

Alexandria, Louisiana, this 1st day of March, 2010.

Respectfully submitted:

**GOLD, WEEMS, BRUSER, SUES & RUNDELL**

By: /s/ Bradley L. Drell
Bradley L. Drell (Bar Roll #24387)
Amanda W. Barnett (Bar Roll #19225)
P. O. Box 6118
Alexandria, LA 71307-6118
T: (318) 445-6471
F: (318) 445-6476
bdrell@goldweems.com

**ATTORNEYS FOR OCCUPATIONAL & MEDICAL INNOVATIONS, LTD.**

Bradley L. Drell, Esq.
La. Bar Roll No. 24387
(Admitted to practice before the Eastern District of Texas)
**GOLD, WEEMS, BRUSER, SUES & RUNDELL**
P. O. Box 6118
Alexandria, LA 71307-6118
Telephone: (318) 445-6471
Facsimile: (318) 445-6476
Email: bdrell@goldweems.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 10-60181 |
| **OCCUPATIONAL & MEDICAL INNOVATIONS LIMITED** | **CHAPTER 15** |
| **DEBTOR** | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **Memorandum in Support of Chapter 15 Petition for Recognition of Foreign Proceeding and Motion for Provisional Relief Pursuant to 11 U.S.C. § 1519** has been mailed, postage prepaid, e-mailed and/or faxed to: the U.S. Trustee Office of the U. S. Trustee, 110 N. College Avenue, Suite 300, Tyler, TX 75702 (and via facsimile (903) 590-1461); counsel to Retractable Technologies, Roy W. Hardin, Charles E. Phipps, Stephen D. Wilson, Mark R. Backofen, Jason Mueller, Locke Lord Bissell & Liddell, LLP, 2200 Ross Avenue, Suite 2200, Dallas, Texas 75201-6776 (and via email to: rhardin@lockelord.com, cphipps@lockelord.com, sdwilson@lockelord.com, mbackofen@lockelord.com, and jmuller@lockelord.com); Of Counsel: Otis Carroll and Deborah Race, Ireland, Carroll & Kelley, PC, 6101 S. Broadway, Suite 500, Tyler, Texas 75703 (and via email to: fedserv@icklaw.com and drace@icklaw); Patrick Kelley (via email: patkelly@icklaw.com); and Thomas A. Miller, Stephen

L. Lundwall, Kevin A. Keeling, and Wade A. Johnson, Howrey LLP, 1111 Louisiana, 25th Floor, Houston, Texas 77002 (and via email to: millert@howery.com, lundwalls@howery.com, keelingk@howery.com, and johnsonw@howery.com), on this 1st day of March, 2010.

/s/Bradley L. Drell
OF COUNSEL