## Occupational & Medical Innovations Limited (Administrators Appointed) (*OMI*)

# Proposal for a Deed of Company Arrangement

A deed of company arrangement is proposed by AssistMed (Australia) Pty Ltd (the *Proposer*) on the following terms:

1.  **(Conditions Precedent)** The Deed shall be conditional upon:

    (a)  **(Disclosure of debts)** The Proposer is provided with information as to the composition of, and amounts due to, each of the creditors of OMI and its subsidiaries.

    (b)  **(Secured Creditor)**

        (i)  Westpac Banking Corporation to release its securities upon payment in full by the Proposer.

        (ii)  Confirmation by the Deed Administrators that there is no other secured creditor of OMI. To the extent other secured creditors exist, those secured creditors are to release their securities upon payment in full by the Proposer.

    (c)  **(New Shares and Shares Issued)** The issue of the Shares and New Shares referred to in clauses 6 and 7 below.

    (d)  **(Shareholder Approval)** Shareholder approval to:

        (i)  the issue of Shares and New Shares referred to in clause 6 and 7 below; and

        (ii)  the adoption of a new or amended constitution of OMI to be drafted by the Proposer.

    (e)  **(Approvals)** Such other approvals as are necessary to effectuate the proposal.

2.  **(Deed Period)** The deed shall become effective on the date of the Deed and shall continue until terminated in accordance with clause 10 below.

3.  **(Moratorium)**

    (a)  The deed shall bind:

        (i)  all persons having a claim of any nature whatsoever, including:

            (A)  debts owing (whether now or in the future or contingently) by OMI;

            (B)  claims subsisting (whether now, in the future or contingently) against OMI;

            (C)  claims arising out of events which occurred prior to the appointment of the administrators regardless of whether the debt



EXHIBIT

tables

A

or claim arose before or after the appointment of the administrators;

    (ii)    OMI;

    (iii)    the Administrators; and

    (iv)    the members and officers of OMI.

(b)    There will be a general moratorium during the Deed Period, (that is, a person having a claim shall not seek to wind-up, bring or continue any proceeding or bring any enforcement process).

(c)    The issue of New Shares referred to in clause 7 below, shall be available to meet Admitted Claims.

(d)    The Deed shall release OMI from any and all Claims to the extent they are satisfied by the Deed. All Claims shall be extinguished in accordance with the DOCA.

4.    **(Admitted Claims)** Claims shall be admitted in accordance with Part 5.6, Division 6, Subdiv A, B, C and E of the *Corporations Act 2001* and Regulations 5.6.47 to 5.6.67 as if references to the "liquidator" were to the Deed Administrators and references to the "relevant date" were to the date of appointment of the Administrators.

5.    **(Owners and Lessors)** Owners and lessors who do not vote in favour of the Deed shall not be restricted from retaking possession of their property.

6.    **(Working Capital and Shares)**

(a)    The Proposer shall pay to OMI an amount to be determined as working capital for the future operation of OMI and to pay selected unsecured creditors at the discretion of the Proposer.

(b)    In consideration of that payment, OMI shall issue to the Proposer (or such other entity or entities as nominated by the Proposer) fully paid ordinary shares in the share capital of OMI such that, after that issue and on a fully diluted basis (that is, assuming that all options, convertible notes and convertible shares (including those referred to in clause 7 below) are exercised and converted into fully paid ordinary shares in the capital of OMI) the Proposer (or its nominee(s)) holds not less than 51% of the issued capital of OMI.

(c)    OMI shall convene a meeting of its members to approve the issue referred to in (b) above and clause 7 below.

7.    **(New Shares)**

(a)    Convertible redeemable non-voting preference shares (*New Shares*) shall be issued by OMI to creditors having an Admitted Claim on the basis that one New Share shall be issued for each $1 (or part thereof) of an Admitted Claim.

(b)    Each New Share shall:

    (i)    be redeemable, at OMI's election, upon payment by OMI of the amount of $1 per New Share at any time within two years from issue;

    (ii)    convert into one fully paid ordinary share in the issued capital of OMI upon:

|  |  | (A) | election by the holder; or |
|---|---|---|---|
|  |  | (B) | the expiry of two years after issue; |

    (iii)    not have any voting rights;

    (iv)    not be entitled to any dividend or distribution from OMI (other than upon the liquidation of OMI at which time they shall rank in priority to ordinary shares) nor accrue any interest;

    (v)    not be listed on any stock exchange but shall otherwise be transferable.

8. **(Board)** The officers shall be responsible for the management, operation and control of OMI during the Deed Period. The Proposer shall appoint no fewer than three additional directors.

9. **(Deed Administrator)** The Administrators be appointed the Deed Administrators. The Proposer shall pay:

    (a)    the reasonable fees and expenses of the Administrators; and

    (b)    the reasonable fees and expenses of the Deed Administrators,

upon the Deed becoming unconditional in an amount to be agreed.

The Deed Administrators shall be indemnified by OMI.

10. **(Termination)** The Deed shall terminate if:

    (a)    a Court so orders under s 445D; or

    (b)    the creditors pass a resolution terminating the Deed; or

    (c)    the conditions precedent referred to in clause 1 above are not satisfied within 90 days of the execution of the Deed; or

    (d)    a DOCA in respect of OMI Manufacturing or OMI Research is terminated other than due to it being wholly effectuated; or

    (e)    the Shares and New Shares are issued and the payments to the Deed Administrators in clause 9 above are made. The Deed Administrators shall provide a notice of termination to ASIC in the usual form certifying that the Deed has been wholly effectuated.