**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| OCCUPATIONAL & MEDICAL | § | CASE NO. 10-60181 |
| INNOVATIONS LIMITED | § | |
| | § | |
| DEBTOR | § | CHAPTER 15 |

**OBJECTION OF RETRACTABLE TECHNOLOGIES, INC.**
**TO MOTION FOR PROVISIONAL RELIEF PURSUANT TO 11 U.S.C. §1519**

TO THE HONORABLE BILL PARKER, CHIEF U. S. BANKRUPTCY JUDGE:

COMES NOW Retractable Technologies, Inc. ("RTI") and files its objection to Motion for

Provisional Relief Pursuant to 11 U.S.C. §1519 (the "Motion") filed by Occupational & Medical

Innovations Limited ("OMI") and would show the Court as follows:

**SUMMARY OF THE ARGUMENT**

1.       The relief sought by OMI is without merit on either a substantive or procedural basis

and is the result of obvious gamesmanship in an attempt to avoid the ramifications of a jury verdict

in favor of RTI and adverse to OMI.  In December, 2009, at the end of a case which began April 1,

2008, an Eastern District jury determined that OMI had misappropriated RTI's trade secrets and that

it infringed RTI's patent.  Less than two weeks later, on December 30, 2009, OMI filed for

insolvency liquidation proceedings in Australia.

2.       However, OMI has chosen to engage in gamesmanship by waiting until the eve of

a hearing on post-verdict motions to file the Motion seeking the imposition of a stay to prevent the

post-verdict motions from being heard.  In essence, OMI, having been determined by a jury as

having stolen RTI's intellectual property now seeks to utilize the powers  of this Court to further its

improper actions.  Indeed, it asks for nothing less than for this Court to allow the prospective purchaser of its assets to dictate to the U. S. District Court how it conducts its own docket.

3.      There has been no showing by OMI that there will be any harm, irreparable or otherwise, if the post-verdict motions set for March 3, 2010, proceed as scheduled.  Indeed, a balancing of the equities will show substantial harm to RTI in the event that the relief requested in those post-verdict motions is not granted.

## FACTUAL BACKGROUND

4.      On April 1, 2008, RTI commenced a patent infringement action against OMI in the United States District Court for the Eastern District of Texas, Tyler Division, Case No. 6:08-cv-120, alleging that OMI was selling safety syringes which infringed RTI's patent and which were being manufactured in China by the same business entity that manufactured RTI's syringes.  In essence, the allegations were that OMI not just illegally competed with RTI but did so through theft of RTI's confidential information.  The case has lasted for almost two years and involves more than 200 docket entries.  A jury trial before the Honorable Leonard Davis, U. S. District Judge, commenced on December 14, 2009, with the parties resting on December 17, 2009.  The jury returned its verdict on December 18, 2009, finding both infringement of RTI's patent with damages in the amount of $1,571,103.00 for that infringement and that OMI had misappropriated RTI's trade secrets, awarding damages for that claim in the amount of $2,240,640.00.  Attached hereto as Exhibit "A" is the completed verdict form.

5.      On December 18, 2009, Judge Davis established the briefing schedule for post-verdict motions and on December 21, 2009, set all post-verdict motions for hearing on Wednesday, March 3, 2010 at 1:30 p.m.  A copy of those orders are attached hereto as Exhibits "B" and "C."

6.     On December 30, 2009, OMI filed voluntary liquidation proceedings in Brisbane, Australia.

7.     Both RTI and OMI have fully briefed the post-verdict motions, including a discussion of the Australian insolvency proceeding. Indeed, RTI's motion for permanent injunction (Dkt. 246) and all related pleadings extensively discuss those foreign insolvency proceedings and explain in detail why OMI's financial condition provides the basis for the issuance of a permanent injunction requested as part of the post-verdict relief.

8.     On February 23, 2010, after all post-verdict motions had been fully briefed and almost two months after the Australian insolvency proceedings began, OMI filed this Chapter 15 proceeding. Further, despite having knowledge of the identity and contact information of RTI's trial counsel, OMI chose only to provide notice of the Chapter 15 filing to RTI at its post office box.

## ARGUMENT AND AUTHORITIES

9.     In the Motion, OMI asserts that provisional relief should be granted because:

> "On February 19, 2010, OMI's administrators received a Proposal for a Deed of Company Arrangement from AssistMed (Australia) PTY, Ltd. ..." and that such proposal "requires that all proceedings be stayed, including the patent litigation pending in the Unites States District Court for the Eastern District of Texas."

OMI then argues that if a stay is not obtained under §1519, then "the creditors of OMI risk losing this potential arrangement and would therefore be irreparably harmed."

10.     This request is breathtaking in its audacity and is a reversal of the balancing of the equities.

11.     This is not about OMI's creditors (which include RTI). A jury has determined that OMI misappropriated RTI's property and conducted its business by infringing on RTI's patents. OMI cannot use RTI's property to satisfy OMI's creditors.

12.     Further, other than the suspiciously timed purchase proposal, there is no showing of any harm to OMI in the event that the relief requested by RTI in its post-verdict motions is granted. One of the motions would simply reduce to judgment the damage amounts found by the jury. Inasmuch as no court is going to retry a matter which has already gone to a jury verdict, entry of a money judgment simply liquidates the claim which will be necessary for any bankruptcy proceeding.

13.     The other post-verdict motion seeks the entry of a permanent injunction to prevent OMI from continuing to infringe RTI's patent. It is difficult to understand how OMI will be irreparably harmed in the event it is prevented from doing what it is by law not allowed to do. As set forth in *Windsurfing International, Inc. v. AMF, Inc.*, 782 F.2d 995, 1003 n.12 (Fed. Cir. 1986), "...one who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected." In short, OMI cannot assert that its self-created financial condition should be a basis to allow it to continue to use RTI's property to the detriment of RTI and to the benefit of OMI and its own creditors.

14.     Conversely, RTI will suffer irreparable harm in the event that the post-verdict relief is not granted because of the issuance of a provisional stay. Based on the pleadings on file, it is impossible to determine what benefits would accrue to the proposed purchaser of OMI's assets and whether or not that purchaser would use those assets, including RTI's trade secrets, to continue to harm RTI in the market place. OMI, using RTI's proprietary information and patents, had the same Chinese company manufacture competing products. Further, OMI and RTI both have a single major customer, CardinalHealth, so that any sales of infringing products currently in OMI's inventory could be used by OMI or its successor to directly compete with sales which would otherwise go to RTI. In short, that would be adding insult to injury and only an injunction which is in place pending

a proposed sale of OMI's assets will protect RTI, especially given the fact that OMI is highly unlikely to be able to respond in damages. That is the very definition of irreparable harm.

15.     Further, the Proposal for a Deed of Company Arrangement ("Proposal") attached as Exhibit "A" to OMI's Motion raises many serious questions as to the treatment of RTI and its property. For instance, the Proposal, if approved, would allow payment not to RTI but to OMI as working capital. Further, it allows the payment of "selected unsecured creditors at the discretion of the Proposer." (Proposal Paragraph 6(a)). If RTI is an unsecured creditor, it appears that the new buyer can decide what, if anything, it chooses to pay to RTI even though it is ostensibly using RTI's assets and property to make distributions. Clearly, if RTI is not allowed to proceed on its post-verdict motions in U. S. District Court, then it runs the risk of OMI and its prospective asset purchaser taking the position in the Australian proceedings that while there may be a jury verdict, there is no final judgment as to the amounts owed nor is there a legal prohibition (e.g. a permanent injunction) against continuing to use RTI's trade secrets and infringe RTI's patent rights, all for the benefit of OMI and to the detriment of RTI.

16.     The relief sought by OMI's motion is pursuant to 11 U.S.C. §1519. Aside from the fact that OMI has been dilatory in requesting that relief, 1519(e) states that:

> "The standards, procedures and limitations applicable to an injunction shall apply to relief under this section."

OMI has not met the standards of 1519(e) and RTI would respectfully submit that it cannot do so.

17.     For the foregoing reasons, RTI requests that the motion be in all things denied.

WHEREFORE, PREMISES CONSIDERED, RTI prays that the Motion for Provisional Relief be in all things denied and for such other relief to which it may show itself to be justly entitled.

DATED March 2, 2010.

Respectfully submitted,

*/s/ Patrick Kelley*
Patrick Kelley
State Bar No. 11202500
Ireland, Carroll & Kelley, PC
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
Email: patkelley@icklaw.com

**LOCKE LORD BISSELL & LIDDELL**

Greg Lowry
State Bar No. 12641360
Roy W. Hardin
State Bar No. 08968300
Mark R. Backofen
State Bar No. 24031838
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
Tel: (214) 740-8000
Fax: (214) 740-8800
E-mail: glowry@lockelord.com
E-mail: rhardin@lockelord.com
E-mail: mbackofen@lockelord.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all counsel of record via the Court's electronic filing system and to those listed on the attached Matrix or by first class, postage prepaid, U.S. Mail on this 2nd day of March, 2010.

/s/ Patrick Kelley
Patrick Kelley