
04/09/2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **OCCUPATIONAL & MEDICAL** | § | |
| **INNOVATIONS, LTD.** | § | |
| Australian Co. # 2871 | § | Case No. 10-60181 |
| Unit 1, 12 Booran Dr., | § | |
| Slacks Creek, Queensland, Australia | § | |
| | § | |
| Foreign Debtor | § | Chapter 15 |

## ORDER RECOGNIZING FOREIGN PROCEEDING
## PURSUANT TO 11 U.S.C. §1517

On March 18, 2010, this Court considered the Chapter 15 Petition for Recognition of a Foreign Main Proceeding filed in the above-referenced case by David Michael Stimpson and Terrence John Rose of SV Partners, Insolvency Accountants and Business Solutions of Brisbane, Australia, in their capacity as the purported foreign representatives of Occupational & Medical Innovations, Ltd. ("OMI"), an asserted foreign debtor alleged to be under voluntary administration under Part 5.3A of the Corporations Act 2001 of Australia (the "Australian Proceeding"). The Court finds that proper notice of the hearing was given pursuant to the Federal and Local Rules of Bankruptcy Procedure. Bradley L. Drell and Amanda W. Barnett appeared at the hearing on behalf of OMI. Patrick Kelley appeared at the hearing on behalf of Retractable Technologies, Inc., an affected creditor.

Based upon the Court's consideration of the pleadings, the evidence admitted in the hearing, and the argument of counsel, and for the reasons expressed by the Court on

the record in open court pursuant to Fed. R. Civ. P. 52, which is incorporated into contested matters in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the application for recognition of a foreign proceeding is hereby **GRANTED** and that the Australian Proceeding is hereby **RECOGNIZED** as a foreign main proceeding pursuant to Chapter 15 of the Bankruptcy Code as to OMI.

**IT IS FURTHER ORDERED** that the provisions of 11 U.S.C. §1520 apply in this case, including the application of the automatic stay under 11 U.S.C. §362, and all actions against OMI and any of its property are hereby **STAYED** throughout the duration of this Chapter 15 case or until otherwise ordered by the Court including, without limitation:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other actions or proceeding against OMI that was or could have been commenced before the entry of this Order, or to recover a claim against OMI that arose before the entry of this Order;

(2) the enforcement, against OMI or its assets, of a judgment obtained before the entry of this Order; provided, however, that it is further **CLARIFIED** that the injunctive relief granted in that certain *Final Judgment and Permanent Injunction* entered on March 4, 2010 by the United States District Court for

the Eastern District of Texas in that certain litigation pending as case no. 6:08cv120 and styled *Retractable Technologies, Inc. v. Occupational & Medical Innovations, Ltd.*, remains in full force and effect against OMI, subject to the further orders of that Court;

(3) any act to obtain possession of property of OMI or to exercise control over the property of OMI;

(4) any act to create, perfect or enforce any lien against the property of OMI;

(5) any act to create, perfect or enforce against the property of OMI any lien to the extent that such lien secures a claim that arose before the entry of this Order;

(6) any act to collect, assess or recover a claim against OMI that arose before the entry of this Order; and

(7) the setoff of any debt owing to OMI that arose before the entry of this Order against any claim against OMI.

**IT IS FURTHER ORDERED** that the application of the automatic stay under 11 U.S.C. §362, as set forth above, is further **CONDITIONED** in its application to that certain litigation pending before the United States District Court for the Eastern District of Texas as case no. 6:08cv120 and styled *Retractable Technologies, Inc. v. Occupational & Medical Innovations, Ltd.*, in the following manner:

(1) if the Debtor, OMI, elects to tender evidence of credits to the United States District Court for the Eastern District of Texas as contemplated in the *Final Judgment and Permanent Injunction* entered on March 4, 2010, it must do so **on or before Friday, June 18, 2010**;

(2) should the Debtor, OMI, elect to tender, on or before June 18, 2010, evidence of credits to the United States District Court for the Eastern District of Texas as contemplated in the *Final Judgment and Permanent Injunction* entered on March 4, 2010, the automatic stay shall be immediately **MODIFIED** without further notice or hearing to allow Retractable Technologies, Inc. to file with that Court whatever response it may deem appropriate to the Debtor's presentation of alleged credits (within whatever time parameters are established by that Court) and to permit the United States District Court for the Eastern District of Texas to proceed to a full consideration and determination of the merits of the Debtor's credit claims and to issue an appropriate ruling on such claims, including whatever modifications of its March 4, 2010 *Final Judgment and Permanent Injunction* that it may deem appropriate;

(3) upon the issuance of any ruling by the United States District Court for the Eastern District of Texas upon the merits of the Debtor's credit claims as contemplated in the *Final Judgment and Permanent Injunction* entered on March 4, 2010, including any modifications of its March 4, 2010 *Final Judgment and Permanent Injunction* that it may deem appropriate, the automatic stay shall be immediately **MODIFIED** without further notice or hearing to allow any party to prosecute an appeal of any portion of the *Final Judgment and Permanent Injunction* entered on March 4, 2010, or any modification thereof, as may be advisable until such time as a final and unappealable judgment is rendered by a court of appropriate jurisdiction;

provided, however, that the automatic stay remains in effect to preclude the collection of any judgment or the exercise of any right against any property or property right of the Debtor, OMI, not otherwise granted herein without the further order of this Court;

(4) should the Debtor, OMI, fail, on or before June 18, 2010, to tender evidence of credits to the United States District Court for the Eastern District of Texas as contemplated in the *Final Judgment and Permanent Injunction* entered on March 4, 2010, the automatic stay shall be immediately **MODIFIED** without further notice or hearing to allow any party to prosecute an appeal of any portion of the *Final Judgment and Permanent Injunction* entered on March 4, 2010, or any modification thereof, as may be advisable until such time as a final and unappealable judgment is rendered by a court of appropriate jurisdiction; provided, however, that the automatic stay remains in effect to preclude the collection of any judgment or the exercise of any right against any property or property right of the Debtor, OMI, not otherwise granted herein without the further order of this Court.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding initiated in relation to this Chapter 15 case.

Signed on 04/09/2010

*/s/ Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE